# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TONIO HUDSON,** ) | **Case No. 1:11 CV 2733** |
| ) | |
| Petitioner, ) | **Judge Dan Aaron Polster** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **TERRY A. TIBBALS,** ) | |
| ) | |
| Respondent. ) | |

This case is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by *Pro Se* Petitioner Tonio Hudson ("Petition"). (**Doc #: 1**.) Hudson challenges the constitutionality of his state-court convictions, following a jury trial, for murder, aggravated murder, and two counts aggravated robbery, each count carrying attendant firearms specification, on four grounds. Pursuant to Local Rule 72.2, the Petition was automatically referred to Magistrate Judge Greg White for preparation of a Report and Recommended Decision ("R & R"). (See non-document entry dated 3/12/12.) Following briefing, the Magistrate Judge issued an R & R recommending that the Court dismiss the Petition in its entirety on the merits. (**Doc #: 8**.) Hudson has filed objections. (Doc #: 9.)

In Ground One, Hudson contends that his Sixth Amendment right to a fair trial was violated when he was not permitted to cross-examine U.S. Marshal Jason Place about the woman he was found with in the Florida hotel room at the time of his arrest. In Ground Two, Hudson

argues that the trial court violated his Sixth Amendment right to a fair trial when it instructed the jury on flight.  In Ground Three, Hudson contends that the trial court's failure to declare a mistrial when U.S. Marshal Place mentioned that Hudson had a prior criminal history, despite an immediate curative instruction, necessarily violated his Sixth Amendment right to a fair trial.  In Ground Four, Hudson argues that the trial court's failure to suppress the pretrial identifications of witnesses Powers, Andrews, Thompson and Oliver deprived him of due process.

The Magistrate Judge quoted the state court rulings Hudson challenged, identified the Supreme Court precedent the state court properly applied when analyzing its rulings, and properly applied that same precedent itself when reviewing the state court rulings on the merits. This Court finds that the objections Hudson raises to the R&R are no different than the arguments which the Magistrate Judge has thoroughly and correctly addressed.   The only thing further the Court wants to point out is that, with respect to Ground One, even if the trial court's decision to disallow the Marshal's testimony was an error, that error would be subject to harmless error analysis – something Hudson is unable to do on this record.  (See Doc #: 5, at 17-18.)

Accordingly, the Court hereby **OVERRULES** the Objections (**Doc #: 9**); **ADOPTS** the R & R in its entirety (**Doc #: 8**); and **DENIES** the Petition (**Doc #: 1**).

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     August 7, 2012*
 **Dan Aaron Polster**
 **United States District Judge**